UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH LUCERO**<br><br>　　　　Plaintiff<br><br>v.<br><br>**WAYNE EARLY,** *et al.*<br><br>　　　　Defendants | Civil Action No.<br>　**13-CV-01036-GLR** |

## JOINT STATUS REPORT

The parties file this joint status report pursuant to the Court's December 17, 2019 Order (ECF 92).

## History and Status of the Case

This case was filed April 8, 2013. It was stayed on May 8, 2013, on joint request due to a related case, *Ross v. Early*, 09-CV-03255, which was on appeal to the Fourth Circuit. (Motion at ECF 12; paperless order at ECF 13.)

After the decision in *McCullen v. Coakley*, 573 U.S. 464, 134 S. Ct. 2518 (2014), Lucero moved to re-open the case, which was re-opened July 31, 2014. (ECF 20.)

On February 26, 2015, based on the decision in *Ross v. Early*, 746 F.3d 546 (4th Cir. 2014), Judge Motz dismissed this case. (ECF 33.)

On February 5, 2016, the Fourth Circuit dismissed the appeal as Judge Motz did not address the individual claims against Defendant Early, so the judgment was deemed non-final. (See ECF 37.)

On June 29, 2016, Judge Motz issued a memorandum and order, noted that His Honor believed final judgment was previously entered, and expressly entered final judgment. (ECF 43 and 44.)

On October 13, 2017, the Fourth Circuit issued an opinion remanding the case, as Judge Motz failed to account for a factual dispute here that differed from *Ross*; failed to consider *McCullen*; and did have the benefit of *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2224 (2015). (See ECF 48.)

On September 11, 2018, this Court dismissed the Amended Complaint with leave to amend. (ECF 68 and 69.)

On September 25, 2019, this Court denied the motions to dismiss the Second Amended Complaint. (ECF 86 and 87.)

The Baltimore City Police Department filed an appeal on September 27, 2019. (ECF 88.) The Mayor and City of Council of Baltimore filed an answer on October 15, 2019 (ECF 91).

The BPD has filed a brief on appeal; Plaintiff's brief is currently due January 3, 2020.

**Plaintiff's Position**

The Plaintiff notes that the BPD is currently pursuing on appeal an Eleventh Amendment Immunity defense, which it did not raise in its motion to dismiss filed November 14, 2015 (ECF 29), or its motion to dismiss filed December 13, 2017 (ECF 59). (Raised in motion to dismiss filed November 13, 2018, ECF 80.)

Based on the considerations for a stay set forth in *Stone v. Trump*, 2019 U.S. Dist. LEXIS 149918, at *18-19 (D. Md. Sep. 3, 2019), including the age of the case and procedural history, Plaintiff's position is that the case should <u>not</u> be stayed and should proceed to discovery to avoid further delay.

**Defendant City's Position**

The City is amenable to, and requests that the Court exercise its discretion to, stay the case pending the resolution of BPD's interlocutory appeal raising Eleventh Amendment immunity. A stay in this case serves the interest of judicial economy by preventing potential duplicative litigation in the event BPD remains a defendant on remand from the appellate court. A stay in this case serves the interest of equity to the City whose potential liability in count 2 of the second amended complaint is based on alleged joint formulation and implementation with the BPD of a custom and usage having the force of law. There is little risk of future constitutional deprivation in the absence of any concrete future protest activity at the Arena by Plaintiff.

**Defendant BPD's Position**

It is BPD's position that the Court should stay the case with respect to claims against BPD. Because BPD has appealed the issue of its immunity to the Fourth Circuit, the notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Fourth Circuit has jurisdiction "under the collateral order doctrine to review a denial of Eleventh Amendment immunity, in that such a ruling is deemed a final decision under 28 U.S.C. § 1291." *Lee-Thomas v. Prince George's Cty. Pub. Schs.*, 666 F.3d 244, 247 (4th Cir. 2012). Whether BPD is entitled to Eleventh Amendment immunity affects the viability of any claim against BPD, and is "an aspect[] of the case involved in the appeal." *Id.*

**Defendant Early's Position**

Defendant Early takes no position on the issue of a stay.

Respectfully submitted,

/s/Sean R. Day/s/
Sean R. Day (Bar No. 12831)
7500 Greenway Center Dr Ste 110
Greenbelt MD 20770-3511
301.220.2270 phone
301.220.2441 fax
Sean@DayInCourt.Net
Attorney for Plaintiff

\_\_\_\_\_/s/\_\_\_\_\_
Steven J. Potter, Chief Solicitor
Federal Bar no. 8841
Department of Law[1]
100 Holliday Street, First Floor
Baltimore, MD. 21202
P: (410) 396-3945
F: (410) 547-1025
Steven.potter@baltimorecity.gov
Attorney for Mayor and City Council of Baltimore, Defendant


\_\_\_\_/s/_____
Kara K. Lynch, Chief Solicitor
Federal Bar no. 29351
BPD Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, MD 21202
P: 410.396.2496
F: 410.396.2126
Kara.lynch@baltimorepolice.org
Attorney for BPD


\_\_\_\_/s/_____
Chaz Ball (Fed. Bar No. 30044)
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
(410) 685-2022
mmarshall@sbwlaw.com
cball@sbwlaw.com
Attorneys for Defendant Early

---

[1] City Solicitor Andre M. Davis, who assumed office on September 1, 2017, has recused himself from this matter and has taken no part in the discussions or preparations of this status report.